UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO TRIBUNE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10 C 0568 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| UNIVERSITY OF ILLINOIS | ) | |
| BOARD OF TRUSTEES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

### I. BACKGROUND

Beginning in May 2009, the Chicago Tribune published a series of articles about

admission practices at the University of Illinois.  The series, titled "Clout Goes to College,"

detailed the newspaper's investigation into a list of applicants, known as "Category I, which

included the relatives of certain influential individuals.  Some of these applicants appeared to

have received preferential treatment in the admissions process.  The series received a great deal

of attention, and the Governor of Illinois convened a commission to study the admissions

process.

Plaintiff Chicago Tribune Company ("Tribune"), the publisher of the newspaper,

submitted a request under the Illinois Freedom of Information Act ("FOIA"), 5 Ill. Comp. Stat.

140/1 et seq. through one of its reporters.  The request sought to inspect:

> the following public records with regard to each applicant in Category I (and/or
> the equivalent designation in the professional schools) who was admitted to the
> University of Illinois and subsequently attended the University of Illinois: the
> names of the applicants' parents and the parents' addresses, and the identity of the
> individuals who made a request or otherwise became involved in such applicants'
> applications. Further, please provide any records about the identity of the
> University official to whom the request was made, any other university officials

> to whom the request was forwarded, and any documents which reflect any
> changes in the status of the application as a result of that request.

(Compl., Ex. A.)

Defendant Board of Trustees of the University of Illinois ("University") denied the

Tribune's request. FOIA required that the University's denial of the request be made in writing;

that the writing specify the exemption authorizing the denial; and that the writing include "a

detailed factual basis and a citation to supporting authority." 5 Ill. Comp. Stat. 140/9. In a letter

to the Tribune, a University official explained that FOIA provides an exemption from its

disclosure requirements for "[i]nformation specifically prohibited from disclosure by federal or

State law or rules and regulations adopted under federal or State law." 5 Ill. Comp. Stat.

140/7(1)(a). The University took the position that a federal law, specifically the Family

Education Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g(b)(1), prohibited the

release of the requested information. The letter also concluded that:

> In addition, and for your convenience and consideration, I note that based upon
> the language of your request, we would anticipate that additional exemptions of
> the Illinois FOIA likely would apply if all the responsive records were gathered
> and reviewed. For example, we would expect that responsive documents would
> contain information exempt from disclosure pursuant to several provisions of the
> Act, including the following: section 7(1)(b)(i) ("files and personal information
> maintained with respect to . . . students . . . receiving . . . educational . . . services .
> . . from . . . public bodies"); section 7(1)(b) (unwarranted invasion of personal
> privacy); and section 7(1)(f) (drafts/predecisional deliberative communications).

(Compl., Ex. B.)[1] The Tribune wrote a letter to the president of the University seeking to appeal

the denial of the request. (Compl., Ex. C.) University President Joseph White responded and

reiterated the University's position that FERPA prevented the University from releasing the

records.

---

[1]     Shortly after the University denied the Tribune's request, Section 7(1)(b) of FOIA was amended.
However, current law still provides exemptions for "[p]rivate information," 5 Ill. Comp. Stat. 140/7(1)(b), and
"[p]ersonal information contained within public records, the disclosure of which would constitute a clearly
unwarranted invasion of personal privacy," *id.* § 7(1)(c).

On January 27, 2010, the Tribune filed this action for declaratory relief asking the court declare that FERPA does not bar the release of the requested records. The relief sought in this case is quite narrow. Neither party has asked the court to opine generally on the propriety of the Tribune's request. Nor has the court been asked to consider any of the other FOIA exemptions mentioned in the University's letter denying the request. The parties have filed cross-motions for summary judgment. The facts are, essentially, uncontested.

## II. ANALYSIS

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party is so entitled if no reasonable fact-finder could return a verdict for the nonmoving party." *Patton v. MFS/Sun Life Fin. Distribs., Inc.*, 480 F.3d 478, 485 (7th Cir. 2007).

Illinois FOIA provides that "Each public body shall make available to any person for inspection or copying all public records, except as otherwise provided in Section 7 of this Act." 5 Ill. Comp. Stat. 140/3(a). Section 7 of FOIA provides a list of exemptions from the general policy of open access. The first exemption prevents the release of "[i]nformation specifically prohibited from disclosure by federal or State law or rules and regulations implementing federal or state law." 5 Ill. Comp. Stat. 140/7(1)(a). The University relies on the following provision of FERPA in defending its decision to deny the Tribune's request:

> No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein . . .) of students without the written consent of their parents to any individual, agency, or organization . . . .

20 U.S.C. § 1232g(b)(1).

The Tribune makes four arguments in support of its motion for summary judgment. First, it contends that the records it has requested are not "education records," but rather records that "pertain to possible misconduct and politically-motivated favoritism by public officials." Second, these are records of applicants to the University, not "students." Third, FERPA does not "prohibit" the release of education records, so the FOIA exemption cited by the university is inapplicable. Fourth, even if FERPA does prevent the release of the requested documents, the Tribune contends that the First Amendment protects the newspaper's access to these important public records. The court agrees with the Tribune's third argument, which is dispositive.

In construing an Illinois statute, the Illinois Supreme Court directs a court to "ascertain and give effect to the intent of the General Assembly. *Southern Illinoisan v. Illinois Dept. of Public Health*, 844 N.E.2d 1, 14 (Ill. 2006). That "inquiry begins with the plain language of the statute." *Id.* Illinois public policy encourages the free flow of information and open access to official records. *Bowie v. Evanston Cmty. Consol. Sch. Dist. No. 65*, 538 N.E.2d 557, 559 (Ill. 1989). To that end, the Illinois Supreme Court has given FOIA a "liberal construction." *Id.* Although FOIA seeks to protect personal privacy, exceptions to the general rule of disclosure must be construed narrowly. *Id*; *Southern Illinoisan*, 844 N.E.2d at 15.

Section 7(1)(a) of FOIA applies only when a federal or state law "specifically prohibit[s]" a certain disclosure. The ordinary meaning of "prohibit" is "to forbid by authority" or "to prevent from doing something." Webster's Ninth New Collegiate Dicitionary 940 (1985). But FERPA, enacted pursuant to Congress' power under the Spending Clause, does not forbid Illinois officials from taking any action. Rather, FERPA sets conditions on the receipt of federal funds, and it imposes requirements on the Secretary of Education to enforce the spending conditions by withholding funds in appropriate situations. *Gonzaga University v. Does*, 536 U.S.

273, 278-79 (2002). Under the Spending Clause, Congress can set conditions on expenditures, even though it might be powerless to compel a state to comply under the enumerated powers in Article I. *South Dakota v. Dole*, 483 U.S. 203, 206-07 (1987). Illinois could choose to reject federal education money, and the conditions of FERPA along with it, so it cannot be said that FERPA prevents Illinois from doing anything.

In *United States v. Miami University*, 294 F.3d 797 (6th Cir. 2002), the Sixth Circuit held that the federal government was entitled to an injunction preventing Miami University from releasing certain education records pursuant to a request under Ohio's Freedom of Information Act. The Ohio FOIA contained a exemption, similar to Illinois', for information, "the release of which is prohibited by state or federal law." The Sixth Circuit analogized Spending Clause conditions to contracts between the states and the federal government. Under this theory, the federal government has a right to enforce the state's promise to abide by the conditions of FERPA once it has accepted federal education funds. *Id.* at 809. Even if this court were to accept the Sixth Circuit's reasoning, however, the opinion in *Miami University* included an important caveat: "We limit this conclusion, that the FERPA imposes a binding obligation on schools that accept federal funds, to federal government action to enforce FERPA." *Id.* at 809 n.11.

The University also cites *Kilbort v. Westrom*, 862 N.E.2d 609 (Ill. App. Ct. 2007), for the proposition that FERPA need not explicitly prohibit the disclosures in order for the Section 7(1)(a) exemption to apply. *Kilbort* concerned a FOIA request to examine ballots and other election materials. The *Kilbort* court concluded that state election law, which directed officials to preserve ballots in a certain manner, barred access to the ballots through FOIA. The law required the election judge to:

> [F]old or roll all of the ballots which have been counted by them, . . . securely
> bind them, lengthwise and in width, with a soft cord . . . and wrap the same with
> heavy wrapping paper on which the judges of election shall write their signature
> and seal the package with filament over the signatures and around the package
> lengthwise and crosswise, . . . and enclose the ballots so wrapped . . . in a secure
> canvass covering . . . . The precinct judges of election shall elect 2 judges . . . who
> shall immediately return the ballots, in such sealed canvass covering, to the
> election authority . . . . Upon receiving the ballots so returned, the election
> authority shall carefully preserve the ballots for 2 months, subject to their
> examination in a discovery recount proceeding in accordance with law. . . . At the
> expiration of that time such election authority shall remove the same from original
> package and shall destroy the same, together with all unused ballots returned from
> the polling places. If any contest of election is pending at such time in which such
> ballots may be required as evidence, and such election authority has notice thereof
> the same shall not be destroyed until after such contest is finally determined.

*Id.* at 613-14 (quoting 10 Ill. Comp. Stat. 5/17-20).  Although the election code did not

specifically state that disclosure was prohibited under FOIA, the law directed state officials to

handle the ballots in a manner which would not have been consistent with permitting inspections

under FOIA.  *Id.* at 614-15.  *Kilbort*, decided by an appellate court, is not binding here but, in

any event, can be distinguished.  Unlike the state election code, FERPA does not impose any

requirement on state officials.  The state has the option to choose whether or not to accept

FERPA's conditions.

The court's decision in this case is a narrow one.  As explained above, the University has

identified other provisions of FOIA which may prevent the disclosure of portions of the records

requested by the University.  The court does not intend to discount the potential privacy interests

implicated by the Tribune's request.  The only question presented by this lawsuit is whether

FERPA "specifically prohibits" the requested disclosure.  The court must follow the command of

the Illinois Supreme Court to construe the exemptions to FOIA narrowly.  FERPA does not

specifically prohibit Illinois from doing anything, so the University may not use the federal law

as authority to withhold the records pursuant to 5 Ill. Comp. Stat. 140/7(1)(a).

### III.  CONCLUSION

Accordingly, the Tribune's motion for summary judgment is granted.  The University's motion for summary judgment is denied.


ENTER:


                  /s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: March 7, 2011